69 F.3d 548
 507 U.S. 992
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William L.E. PUNCHARD, II, Plaintiff-Appellant,
v.
STATE of New Mexico and Luna County Board of County
Commissioners, Defendant-Appellees.
 No. 95-2060.
(D.C.No. CIV-94-614).
 United States Court of Appeals, Tenth Circuit.
 Oct. 31, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument, and Mr. Punchard's motion for a change of venue in the event of oral argument is moot.
 
 
 2
 Plaintiff William L.E. Punchard II appeals the dismissal without prejudice of his action against the State of New Mexico and the commissioners of Luna County. The district court dismissed his case for failure to comply with the service provisions of Fed.R.Civ.P. 4(m). We affirm.
 
 
 3
 On June 3, 1994, Mr. Punchard filed a complaint pro se in district court challenging the transfer of land in Luna County, New Mexico, from the United States government to the county. The gist of Mr. Punchard's complaint was that the transfer constituted a taking because it prejudiced his ownership rights in certain mining claims and interfered with his ability to mine them. His initial complaint listed as a defendant the "Luna County Commission Board." His subsequent filings also named the State of New Mexico and the Governor as defendants.
 
 
 4
 Mr. Punchard then began several attempts to serve the defendants by mail and filed various motions with the court protesting the defendants' failure to answer. To these motions he appended postal return receipts addressed to the Luna County Clerk's office, the New Mexico Attorney General's office, and the attorney for Luna County. To his "Motion for Court Direction" of September 29, 1994, he appended two letters from the county's attorney, one of which informed him that personal service was required. Mr. Punchard never served any of the defendants personally.
 
 
 5
 On January 25, 1995, the court sua sponte issued an order to effect service within thirty days or to show cause why the case should not be dismissed for failure to serve the defendants within the 120 days provided by Fed.R.Civ.P. 4(m). Mr. Punchard responded with more documentation of his attempts to serve the defendants by mail. On March 13, the district court dismissed his action without prejudice for failure to show good cause for not complying with the appropriate requirements for service. Mr. Punchard now appeals the dismissal, again arguing that he effected good service on the defendants.
 
 
 6
 Mr. Punchard should have heeded the county's attorney; neither the federal rules nor the New Mexico rules allow service by mail when the defendant is a state or a subdivision thereof. See Fed.R.Civ.P. 4(j)(2) & advisory committee's note; Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir.1985) (holding that the federal rules require personal service on a state and its subdivisions); Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1232 (11th Cir.1983) (same); N.M. S.Ct. R. Ann. 1-004(F). Even if service by mail had been permissible, Mr. Punchard did not comply with the requirements of Rule 4(d) concerning waiver of service. Therefore, Mr. Punchard did not properly serve the defendants.
 
 
 7
 Mr. Punchard could have properly served the defendants by having a summons and a copy of the complaint hand-delivered to each of them. Mr. Punchard could have found someone who was at least eighteen years old to do that, or he could have asked the court to have it done. If he intends to refile his complaint, Mr. Punchard should become familiar with Rule 4 of the Federal Rules of Civil Procedure, subsections (c) and (j).[2]
 
 
 8
 As we stated in Espinoza v. United States, 52 F.3d 838, 841 (10th Cir.1995), the first question a district court must ask under Rule 4(m) is whether the plaintiff has shown good cause for failure to timely effect service. We find no abuse of discretion in the district court's determination of that issue. Pro se litigants must adhere to the service requirements of Fed.R.Civ.P. 4, however arcane they may appear to a nonattorney. See Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir.1992).
 
 
 9
 Under the 1993 amendment to Rule 4, there is a second step in the inquiry. Even when a plaintiff fails to show good cause, the district court "must still consider whether a permissive extension of time may be warranted." Espinoza, 52 F.3d at 841. Here the district court did not explicitly proceed to the second step of the inquiry in its Memorandum Opinion and Order of March 13, 1995. However, the court had already granted Mr. Punchard a permissive extension in its January 25 Order to Show Cause. There is nothing in the rules that required the court to consider yet another permissive extension. We therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Rule 4(c) provides in pertinent part:
 (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint ... and shall furnish the person effecting service with the necessary copies of the summons and complaint.
 (2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose.