F I L E D
United States Court of Appeals
Tenth Circuit

JUN 24 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM L.E. PUNCHARD II,

    Plaintiff-Appellant,

v.

LUNA COUNTY COMMISSION; and
STATE OF NEW MEXICO,

    Defendants-Appellees.

No. 97-2029
(D.C. No. CIV-96-201-M)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Punchard is a pro se litigant who is appealing the trial court's dismissal of his complaint for failure to make service upon the defendants as required by the Federal Rules of Civil Procedure.

Mr. Punchard filed his complaint on February 13, 1996. The named defendants were the "Luna County Commission" and the "State of New Mexico." The complaint is difficult to understand; however, the essence of the complaint appears to be an allegation charging the defendants with a wrongful taking of Mr. Punchard's mining claims.

Mr. Punchard filed a motion for default judgment which the trial court denied. The district court, in a written memorandum opinion and order, after examining the file, found service was made by serving a contract attorney for the County and opined this was not proper service of process and spelled out the method for achieving proper service on both the county and the State by citing the relevant statutes. This order was entered May 8, 1996. In addition to informing Mr. Punchard of how to make proper service, the district court further stated:

Fed. R. Civ. P. 4(m) provides that if service is not accomplished within 120 days after the filing of the complaint ..., the action shall be dismissed without prejudice. Mr. Punchard filed his complaint on February 13, 1996. Because he still has adequate time in which to effect proper service of process, this case will not be dismissed at this time.

On November 15, 1996, some eight months after the filing of the complaint, the district court, acting through its magistrate judge, issued its order to show cause. After reciting "[t]he record reflects that [Mr. Punchard] has not properly served the defendants," the district court ordered Mr. Punchard to "effect service, or show good cause why Defendants have not been served." Mr. Punchard responded by asserting he "did serve the Luna County Clerk" and "the State Attorney General and the Governor Office was Served by the American Eagle Security Service."

The district court dismissed the complaint after citing the applicable New Mexico statute requiring service of process upon the county clerk for service upon a county and finding the return of service showed an alias summons was purportedly served upon the clerk more than two weeks before it was issued. The district court also noted New Mexico law required service on the State by serving the Governor and the Attorney General and then found Mr. Punchard's service

-3-

defective as process was served only upon a secretary. The district court dismissed the case without prejudice and Mr. Punchard appeals this decision.

The defendants first contend the plaintiff's appeal is procedurally defective as plaintiff failed to file a notice of appeal. We disagree. Mr. Punchard's first appellate filing was a brief. This was the functional equivalent to a notice of appeal sufficient to give this court jurisdiction. *See Smith v. Barry*, 502 U.S. 244, 247-49 (1992).

The defendants have also filed a motion to dismiss the appeal contending the district court order dismissing the action without prejudice is not appealable. Contrary to defendants' argument, such a dismissal is appealable. *See Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979); *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979).

Mr. Punchard, in his brief to this court, does not tell us why the district court's order was erroneous. Rather, he asserts "Plaintiff has three (3) mining claims under Bureau of Land Management. All up to date. Water rights are involved in this matter." He also argues a "Magistrate is not allow [sic] to inter [sic] a case with water Rights at Steak [sic]." He does not contest the district

court's findings as to the mode of service but blames the defective service upon his process server. He attaches a money order receipt "payed timely to a service company that was recommended by the Defendant's district court clerk." He argues that as the court clerk "made such recommendations the plaintiff should not be held blaim [sic] herein." He further argues the magistrate judge was without jurisdiction and the magistrate judge did not make an appearance on behalf of the defendants as defendant's counsel.

Mr. Punchard misperceives the law. Fed. R. Civ. P. 4 deals with the issuance and service of process. Rule 4(m) provides:

> If service ... is not made upon a defendant within 120 days after the filing of the complaint, the court, ... on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice ... provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

The record on appeal fails to show Mr. Punchard perfected service. In fact, the record on appeal fails to show any return of service. Even if this court were of the opinion that Mr. Punchard had shown good reason for his failure to perfect service, the record on appeal fails to support Mr. Punchard's claims.

The magistrate judge did nothing more in this case than issue an order to show cause. Mr. Punchard responded thereto and was not prejudiced thereby.

The first and the final orders were issued directly by the district court. It is the final order issued by the district court to which Mr. Punchard objects, and this order was executed by the district court.

The order of the district court dismissing Mr. Punchard's complaint without prejudice for failure to make the required service is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge