116 F.3d 489
 97 CJ C.A.R. 1089
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Groover BRYANT, State appointed lawyer, Defendant-Appellee.
 No. 94-3196.
(D.C.No. 94-3227-DES) (D.Kan.)
 United States Court of Appeals, Tenth Circuit.
 June 24, 1997.
 
 Before BRORBY, EBEL and KELLY, Circuit Judges.
 
 
 1
 WADE BRORBY, U.S. Circuit Judge.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Mr. Jenkins is a pro se litigant. Mr. Jenkins sued his court appointed counsel under 42 U.S.C. § 1983 contending his counsel failed to provide adequate or proper legal services and as a result, Mr. Jenkins was wrongfully convicted of the crime of child abuse. The trial court dismissed the action after concluding the defendant lawyer was not acting under color of state law within the meaning of § 1983.
 
 
 5
 Mr. Jenkins appeals alleging his state court conviction "was a made up case ... to try and make me withdraw my appeal." He further asserts "the State took me to trial in a town with 1500 white people.... I was denyed [sic] motion to suppress. I was denyed [sic] motion for Grand Jury Hearing and I was denyed [sic] motion to move Lawyer. Fruit of a Dead, terminated, dismissed tree." He further asserts "the State Affiadive [sic] for probable cause is false" and "all these cases was [sic] made up." He asserts he was illegally sent to prison and illegally tried. He further asserts "the State framed me and [his counsel, the defendant in this case] went along with it. "
 
 
 6
 Mr. Jenkins fails to tell us how the United States District Court erred in dismissing his § 1983 suit. Rather, he continues to tell us what a poor job his court appointed lawyer did. This is not adequate reason for us to reverse the decision appealed. The District Court did not decide whether or not the court appointed lawyer's services amounted to ineffective representation by counsel. What the District Court did decide was that Mr. Jenkins could not sue his court appointed lawyer for his alleged poor and substandard performance under 42 U.S.C. § 1983.
 
 
 7
 We have examined his original complaint. There Mr. Jenkins alleged, in part:
 
 
 8
 [He] ... took me to trail [sic]. All this Lawyer had to do was to take the Child abuse case to Court.... He was so determined to send me to prison this case ... was a hung jury. And he was going to try and take me to trail [sic] twice for the same thing. All the time working with the D.A. to Frame me up. And he let the D.A. make up witness 10 days before trail [sic] and went Alone with this.
 
 
 9
 ....
 
 
 10
 Basic lawyer selling you out for no reason trying to make me withdraw my appeal....
 
 
 11
 The District Court correctly characterized Mr. Jenkins's complaint as the following: "Plaintiff indicates defendant failed to provide adequate or proper legal services, and as a result, plaintiff landed in jail."[1]
 
 
 12
 This appeal lacks merit and the issues raised do not rise to the level where reasonable jurists could debate the outcome. The sole and only issue presented is whether a client may sue his court appointed counsel under 42 U.S.C. § 1983 for the lawyer's alleged failure to properly represent his client. The Supreme Court has clearly instructed that such a suit has no merit. See Tower v. Glover, 467 U.S. 914, 920 (1984). To the extent Mr. Jenkins' original complaint could arguably be read as asserting a conspiracy between the prosecutor and his defense counsel, we must reject that argument as no specific facts are alleged to support the conclusion.
 
 
 13
 Consequently, we find the appeal is frivolous within the meaning of 28 U.S.C. § 1915 and we dismiss this appeal.[2] The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 To the extent Mr. Jenkins' appeal raises new arguments not presented to the district court, we refuse to review them. In re Walker (Walker v. Mathers), 959 F.2d 894, 896 (10th Cir.1992) (appellate court will not consider an issue on appeal not raised below). Additionally, Mr. Jenkins filed a "Motion to Invoke the Doctrine of Collateral Estoppel" and a "Motion to Amend Appellant Brief." We construe both as a motion to amend the appellant's brief, which we grant; however, we deny consideration of the merits raised in those motions as they raise new claims not presented to the district court. Id
 
 
 [2]
 This appeal predates the Prison Litigation Reform Act. This appeal was mistakenly terminated on May 2, 1995. On June 8, 1995, an order was entered reinstating the appeal. It has since languished as a result of a computer "glitch. "