**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 18, 2006**

**FOR THE TENTH CIRCUIT**

BILLY LORD PUNCHARD,

Plaintiff-Appellant,

v.

THE UNITED STATES BUREAU OF
LAND MANAGEMENT; U.S.
GENERAL SERVICE
ADMINISTRATION, U.S. General
Services Administration, (President
George W. Bush; Republic of the
United States of North America),

Defendants- Appellees.

No. 05-2233
(D.C. No. CIV-05-10-LH/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Billy Lord Punchard[1] appeals from the district court's order dismissing his complaint with prejudice on various grounds. Punchard also has filed a number of motions, including a motion for a writ of mandamus. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM** the district court's dismissal and **DENY** his motions.

Although Punchard's complaint, like most of his papers, is difficult to understand, it appears he claims that the Bureau of Land Management ("BLM") and the General Services Administration ("GSA")[2] conspired unlawfully to deprive him of unpatented mining claims he established in 1978 on land in Deming, New Mexico, by denying him a patent and selling the land to the Luna County Commission in 1990. The complaint appears to set forth claims for an illegal seizure under the Fourth Amendment, a taking or due process violation under the Fifth Amendment, a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and a breach of contract claim concerning a mining lease. Punchard requests the return of his mining claims or compensatory damages in

[1] Punchard styles himself as a representative of his "co-appellant," the Royal Democratic States of Continental Africa Government. Noting that this governmental entity is non-existent, a panel of this court affirmed a district court conclusion that Punchard's claim to be its representative is delusional. See Punchard v. New Mexico, 56 Fed. Appx. 443, 444 (10th Cir. 2003) (unpublished). Accordingly, we disregard any reference or argument Punchard makes that depends on that entity's alleged existence.

[2] It appears that Punchard also names the United States and President George W. Bush as defendants.

-2-

the sum of $28 million and punitive damages of $20 million. In the alternative, he requests a piece of property in Fort Wingate, New Mexico.

Defendants moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1), (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and pursuant to Fed. R. Civ. P. 8(a) for failure to set forth a short and plain statement of the claims. The district court granted the motion on all grounds, and this appeal followed.

We review de novo the district court's dismissal of an action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999); Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). We review a dismissal based on Rule 8 for an abuse of discretion. Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993). Because Punchard appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Punchard's initial argument on appeal, reiterated in his request for a writ of mandamus, is that defendants never filed a timely answer to his complaint. Therefore, he concludes, defendants have conceded this suit. The district court implicitly rejected this argument, and we conclude that it lacks merit. The record indicates that Punchard filed his complaint on January 4, 2005, and served it on

the BLM and the GSA on January 11, 2005. It appears that Punchard may have served the United States Attorney's office on February 24 or 25, 2005.[3] Defendants had sixty days from that date, or until April 24 or 25, to file an answer or otherwise respond to his complaint. See Fed. R. Civ. P. 12(a)(3)(A) (providing that an agency of the United States has sixty days to file an answer as measured from the date on which the United States Attorney is served). Defendants' April 19, 2005, motion to dismiss was timely filed in lieu of an answer. See Fed. R. Civ. P. 12(a)(4).

We discern several other arguments in Punchard's disorganized appellate briefs. First, he contends the district court erred by determining that defendants are immune from his conspiracy claims under 42 U.S.C. § 1983. The federal government is not subject to suit under § 1983; instead, Punchard's claim is governed by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which the Supreme Court recognized an implied cause of action against federal actors in their individual capacities for deprivation of Fourth Amendment rights. Id. at 389. Bivens actions lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work. See Steele v. Fed. Bur.

_____

[3] We need not resolve the discrepancy between what may have been service on the U.S. Attorney by certified mail on February 24 or 25, 2005, and the date that accompanies the signature of the clerk of the court, March 25, 2005. For the sake of argument, we assume service was completed on February 24 or 25.

-4-

of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003). Punchard has not named any federal actors in their individual capacities. Even if we treat his complaint as setting forth a claim against the President in his individual capacity, it fails because Punchard has not alleged personal participation by the President, as required in a Bivens action. See id. Accordingly, the district court properly dismissed this claim for failure to state a claim on which relief can be granted.

Punchard argues that his conspiracy claim under § 1983 somehow falls under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"). Therefore, he reasons, sovereign immunity is not a defense. Punchard did not argue in the district court that he was asserting a claim under the FTCA, and one is not evident even from a liberal reading of his complaint. Therefore, he has failed to preserve this issue for appellate review. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Even if we considered his argument, his conspiracy claim is predicated on a constitutional tort, the alleged seizure or taking of his mining claims in violation of the Fourth or Fifth Amendment. Constitutional torts are not cognizable under the FTCA. FDIC v. Meyer, 510 U.S. 471, 477-78 (1994). Accordingly, he has not stated an FTCA claim on which relief can be granted.[4]

_____

[4] Punchard also takes issue with the district court's conclusion that, under 5 U.S.C. § 702, the United States has not waived sovereign immunity against claims seeking money damages that arise under the Administrative Procedures Act ("APA"). He argues that his claim arises under § 1983 (which we have

(continued...)

Punchard has not challenged the district court's conclusion that, to the extent he seeks monetary damages in excess of $10,000, the United States Court of Federal Claims has exclusive jurisdiction over his takings claim against the United States pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2) & 1491, a conclusion with which we agree. Although we may transfer a case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 when it is in the interest of justice, we decline to do so here because Punchard's takings claim accrued no later than 1990 and is barred by the six-year statute of limitations for actions against the United States set forth in 28 U.S.C. § 2401(a).

Based on our review of Punchard's complaint, we find no abuse of discretion in the district court's decision to dismiss any other claims that may be set forth in the complaint for failure to comply with Rule 8's short and plain statement requirements.

Punchard's argument that the district court judge had no power to grant the motion to dismiss because Punchard asked for a jury trial has no merit. Actions against the United States generally are tried to the court, not a jury. See 28 U.S.C. § 2402. In any event, a district court has the authority to hear and decide defenses raised under Rule 12(b) prior to trial, see Fed. R. Civ. P. 12(d);

[4](...continued)
treated as a Bivens claim and rejected), and that the United States has no immunity against such claims. See Aplt. Opening Br. at 7. We construe this argument as an admission that Punchard does not seek relief under the APA and address the issue no further.

Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990) (holding that Seventh Amendment right to jury trial not violated by court's dismissal for failure to state a claim pursuant to Rule 12(b)(6) because, as a matter of law, complaint failed to present an issue for trial); Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co., 469 F.2d 416, 418 (5th Cir. 1972) (holding that Seventh Amendment right to jury trial not violated by court's dismissal for lack of jurisdiction).

Punchard is not entitled to mandamus relief because his direct appeal provides him an adequate opportunity to obtain the relief he requests in his mandamus petition. See United States v. West, 672 F.2d 796, 799 (10th Cir. 1982). In his motion to compel, Punchard requests this court to order defendants to provide the relief he seeks in his complaint as some sort of settlement. This court lacks jurisdiction to compel defendants to enter a settlement. Likewise, we lack jurisdiction over his motion to open an international duty-free trade zone. We deny his motion for a permanent injunction against removal of any improvements to the land at issue in this case because he has not shown actual success on the merits. See Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1180 (10th Cir. 2003).

The judgment of the district court is **AFFIRMED** and Punchard's pending motions are **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-7-