**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM LORD PUNCHARD, Royal
Democratic States of Continental
(Sudan) Africa Government,

       Plaintiff - Appellant,

v.

UNITED STATES GOVERNMENT;
GEORGE W. BUSH, President;
STATE OF NEW MEXICO; BILL
RICHARDSON, Governor; DEBBIE
CLARK, New Mexico Children
Protective Youth and Families
Department; NEW MEXICO STATE
SIXTH JUDICIAL DISTRICT
COURT; GARY JEFFRIES, Judge;
U.S. DEPARTMENT OF STATE;
CONDOLEEZA RICE, U.S. Secretary
of State; ADRIAN FLORIS, Sergeant;
DEMING CITY POLICE
DEPARTMENT,

       Defendants - Appellees.
_____
WILLIAM LORD PUNCHARD, Royal
Democratic States of Continental
(Sudan) Africa Government,

       Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT
OF JUSTICE; BUREAU OF
ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES; CARL W.

No. 05-2222
(D. New Mexico)
(D.Ct. No. CIV-05-129-JH/KBM)

No. 06-2076
(D. New Mexico)
(D.Ct. No. CIV-05-130-JH/WDS)

CARROLL, Explosive Program Chief,

Defendants - Appellees.

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case concerns the consolidated *pro se* appeals of William Lord Punchard challenging the dismissal of two separate lawsuits.[1] In his first suit, Punchard filed numerous claims against the President of the United States, the Secretary of State, the United States Government, Governor Bill Richardson, the State of New Mexico, Debbie Clark, Children, Youth & Families Department, the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[1] Because Punchard appears *pro se*, we construe his pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

Sixth Judicial District Court, District Judge Gary Jefferies, the Deming City Police Department, and Sargent Adrian Flores all arising from the removal, by the police department, of two minors from Punchard's automobile (Case # 05-2222). Punchard's second suit encompassed a number of claims filed against the President of the United States, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and ATF Arson and Explosives Program Chief Carson W. Carroll, all arising from the denial of his application to the ATF for a permit to purchase explosives (Case # 06-2076). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## Discussion

This is not our first introduction to Punchard's legal complaints. *See Punchard v. New Mexico*, 956 F.2d 278 (10th Cir. 1992) (unpublished); *Punchard v. New Mexico*, 69 F.3d 548 (10th Cir. 1995) (unpublished); *Punchard v. Luna County Comm'n*, 116 F.3d 489 (10th Cir. 1997) (unpublished); *Punchard v. Luna County Comm'n*, 202 F.3d 282 (10th Cir. 2000) (unpublished). In previous filings with the district court and this Court, Punchard has described himself as the head-of-state of a non-existent Royal Democratic States of Continental (Sudan) Africa Government. As we have done before, we disregard any reference or argument Punchard makes that depends on that alleged entity's existence. *See Punchard v. New Mexico*, 56 Fed. Appx. 443, 444 (10th Cir. 2003) (unpublished); and *Punchard v. The United States Bureau of Land Mgmt.*, 180 Fed. Appx. 817, 818

(10th Cir.) (unpublished), *cert. denied*, — S.Ct. —, 2006 WL 3037654 (2006).

Additionally, we note that Punchard's propositions in both appeals are difficult to understand and are not supported by cogent arguments or legal authority. We will not "manufacture a party's argument on appeal when it has failed in its burden to draw attention to the error below." *Nat'l Commodity & Barter Assoc. v. Gibbs*, 886 F.2d 1240, 1244 (10th Cir. 1989).

1. Jurisdiction on Appeal

*Case # 05-2222, Civil Complaints Against Federal, State and Local Entities*[2]

Punchard initially appealed from the district court's June 23, 2005 order granting the federal defendants' motion to dismiss. In its order, the district court determined (1) Punchard's complaint and amended complaint was unintelligible and did not comply with Rule 8(a); (2) he failed to state a claim pursuant to Rule 12(b)(6) against any of the named federal defendants; and (3) he did not allege any grounds for waiver of sovereign immunity. At that time, the district court had not adjudicated the remaining claims against several state defendants and the Deming City Police. Thus, the June 23, 2005 decision was not a final order.

On December 14, 2005, the district court granted the Deming City Police's

---

[2] Since this case involved several federal, state and local government entities including named parties, we have grouped all of the federal defendants together (federal defendants), all of the state defendants together (state defendants) and the Deming City Police Department defendants together (Deming City Police).

motion to dismiss for failure to state a claim. And on March 30, 2006, the district court granted the state defendants' motion to dismiss for the same reasons it dismissed the claims against the federal defendants. The district court then entered a separate final judgment of the entire case. Because the district court entered final judgment, Punchard's July 15, 2005 appeal (federal defendants) became ripe on March 30, 2006. *See Lewis v. B. F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir. 1988) (FED. R. APP. P. 4(a)(2) permits a notice of appeal, filed prematurely, to ripen once final judgment has been rendered).

After final judgment had been rendered, Punchard did not file a formal notice of appeal from the district court's December 14, 2005 order (Deming City Police) and March 30, 2006 order (state defendants) and final judgment. Nevertheless, we treat Punchard's opening brief filed with this court on April 19, 2006, as the functional equivalent of a timely appeal as to the later orders and final judgment. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). Accordingly, we have jurisdiction under 18 U.S.C. § 1291.

*Case # 06-2076, District Court Review of Agency Decision.*

Punchard appeals from the district court's decision on the merits that ATF properly denied, in accordance with APA procedures, Punchard's application for 18 U.S.C. § 845(b) relief from disabilities regarding the right to purchase

-5-

explosives. The district court determined that the ATF decision "was neither arbitrary, nor capricious, nor an abuse of its discretion." (R. Vol. 1 Doc. 44.) Additionally, the district court found that ATF acted within the scope of its authority and complied with prescribed APA procedures. The district court entered its final judgment on February 23, 2006, and a timely appeal followed.

2. Merits

We have thoroughly reviewed all of the numerous documents filed by Punchard in this appeal and have reviewed *de novo* the district court's final judgements in favor of the defendants and the entire record on appeal. During this review, we labored to understand Punchard's incoherent ramblings and issues on appeal. Nevertheless, our review demonstrates the district court's resolution in this case was substantially correct. The final judgment of the district court in case number 05-2222 and case number 06-2076 is AFFIRMED for the reasons set out in the court's orders. All pending motions are hereby DENIED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge