**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM LORD PUNCHARD,

    Plaintiff-Appellant,

v.

UNITED STATES GOVERNMENT;
GEORGE W. BUSH, President;
STATE OF NEW MEXICO; BILL
RICHARDSON, Governor; DEBBIE
CLARK, New Mexico Children
Protective Youth and Families
Department; NEW MEXICO STATE
SIXTH JUDICIAL DISTRICT
COURT; GARY JEFFRIES, Judge;
U.S. DEPARTMENT OF STATE;
CONDOLEEZA RICE, U.S. Secretary
of State; ADRIAN FLORIS, Sergeant;
DEMING CITY POLICE
DEPARTMENT,

    Defendants-Appellees.

No. 08-2041
(D.C. No. 6:05-CV-00129 JCH-KBM)
(D. N.M)

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

_____

William Lord Punchard appeals the denial of his request for post-judgment relief under Fed. R. Civ. P. 60(b).  Reviewing his *pro se* filings with the consideration they are due, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we nonetheless find ourselves obliged to affirm and, like the district court before us, conclude that filing restrictions are warranted.

As we have previously noted, [t]his is not our first introduction to Punchard's legal complaints." *Punchard v. United States Govt.*, 206 F. Appx. 832, 833 (10th Cir. 2006) (unpublished).[1]  The current appeal emanates from an order and judgment we issued on December 28, 2006.  After we issued our decision, Mr. Punchard sought and was denied certiorari from the United States Supreme Court.  *Punchard v. United States*, 127 S.Ct. 2253 (2007); *Punchard v. Dept. of Justice*, 127 S.Ct. 2253 (2007).  Six months later, he filed a document in the district court entitled "Plaintiff Notice for Court Movement; Plaintiff Motion for Summary Judgment."  The district court construed that motion as one for

_____

[1]  Mr. Punchard's previous appeals in this court include:  *Punchard v. New Mexico*, 956 F.2d 278 (10th Cir. 1992) (unpublished); *Punchard v. New Mexico*, 69 F.3d 548 (10th Cir. 1995) (unpublished); *Punchard v. Luna County Comm'n*, 116 F.3d 489 (10th Cir. 1997) (unpublished); *Punchard v. Luna County Comm'n*, 202 F.3d 282 (10th Cir. 2000) (unpublished); *Punchard v. New Mexico*, 56 F. Appx. 443 (10th Cir. 2003) (unpublished); *Punchard v. The United States Bureau of Land Mgmt.*, 180 Fed. Appx. 817 (10th Cir.), *cert. denied*, 127 S.Ct. 738 (2006).

post-judgment relief under Fed. R. Civ. P. 60(b) and denied it. A month later, plaintiff filed another motion entitled "Exception Called: Motion for Redress, Motion for Timely Movement." The district court again construed the motion as one for post-judgment relief and denied it. The district court also enjoined Mr. Punchard from filing any further pleadings under this case caption, or from filing any new case that arises from the same facts and claims alleged in his complaint. Dist. Ct. Order, at 1-3.

In reviewing the district court's denial of Mr. Punchard's Rule 60(b) motions,[2] we may reverse only in the event of an abuse of discretion. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). After a careful review of the briefs and record in this appeal, we discern no such abuse of discretion. Even affording them the most generous reading, Mr. Punchard asks for reconsideration of issues already fully addressed by the district court (and this court on his previous appeals), an inappropriate basis for a Rule 60(b) motion. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("Relief under Rule 60(b) is . . . warranted only in exceptional circumstances.").

---

[2] Mr. Punchard does not challenge the district court's filing restriction in his opening brief, and thus any objection to it is waived. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004). The order does not specify whether the enjoinment applies only to filings in the district court of New Mexico or to other courts. It is settled in this circuit, however, that a district court can only limit access to its court. *See Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006).

In addition to the district court's filing restrictions, we believe that parallel filing restrictions in this court are warranted. *See Andrews v. Heaton*, 483 F.3d 1070, 1078 (10th Cir. 2007). Mr. Punchard has repeatedly abused the appellate process in a manner similar to his abuse of the district court offices – filing numerous frivolous appeals all involving essentially the same claims. *See supra* n.1. Accordingly, we will not accept further *pro se* filings from Mr. Punchard related to New Mexico case No. 6:05-CV-00129JCH-KBM or any cases arising from the same facts and claims alleged in this case; the Clerk of this court shall return any such filings, unfiled, to Mr. Punchard. *See Andrews*, 483 F.3d at 1078; *In re Winslow*, 17 F.3d 314 (10th Cir. 1994); *see also In re Sindram*, 498 U.S. 177, 179-80 (1991) ("The goal of fairly dispensing justice, [] is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests."). Mr. Punchard shall have ten days from the date of this order to file written objections, limited to 15 pages, to these proposed sanctions. *See Andrews*, 483 F.3d at 1078. If Mr. Punchard does not file any objections, these sanctions shall take effect 20 days from the date of this order. *See id.* If Mr. Punchard does file timely objections, these sanctions shall not take effect until after this court has ruled on his objections; the filing

- 4 -

restrictions shall apply to any matter encompassed by this order filed after that time.[3] *See id.*

The order of the United States District Court for New Mexico is affirmed. Subject to the conditions we have noted, Mr. Punchard is further enjoined from additional *pro se* filings in this court in connection with this case or any cases arising from the same facts and claims alleged in this case.

ENTERED FOR THE COURT

PER CURIAM

---

[3] This court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous appeals, as well as an outright ban on certain appeals, whether *pro se* or counseled. *See* Fed. R. App. P. 38; *Andrews*, 483 F.3d at 1078, n.10. Although we have not imposed such sanctions here, we reserve the right to do so if Mr. Punchard's abusive filings continue.

- 5 -