Jack B. BUSTER, Plaintiff–Appellant,

A. Lee Petersen, Appellant,

v.

Ronald E. GREISEN; Henry P. Head; and David L. Ratchye, Defendants–Appellees.

Nos. 95–36265, 96–35264.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1996.

Decided Jan. 16, 1997.

As Amended on Denial of Rehearing March 26, 1997.

A. Lee Petersen, Anchorage, Alaska, for the plaintiff-appellant.

A. Michael Zahare, Matthews & Zahare, Anchorage, Alaska, for the defendants-appellees.

Before: WRIGHT, BRUNETTI and O'SCANNLAIN, Circuit Judges.

## OPINION

EUGENE A. WRIGHT, Circuit Judge:

Appellant Jack Buster initiated this state law misrepresentation action in Alaska Superior Court. Asserting that the suit was an impermissible collateral attack on a prior federal judgment, Appellees Ronald Greisen, Henry Head and David Ratchye removed the case to federal district court, which granted their motions for summary judgment and sanctions. Buster challenges the district court's exercise of subject matter jurisdiction, grant of summary judgment and, with his attorney, A. Lee Petersen, the imposition of sanctions. We have jurisdiction under 28 U.S.C. § 1291. We vacate the judgment for

want of jurisdiction and affirm the award of sanctions.[1]

## BACKGROUND

Greisen, Head and Ratchye were trustees of the Thomas, Head & Greisen Employees Trust, an employee trust fund subject to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* In 1986 the Trust purchased deeds of trust secured by real property from Northern Financial, a general partnership comprised of Jack Buster and Terry Parks.

In 1989 the Trust sued Buster, Parks and Northern Financial, alleging that they had made material misrepresentations in the sale of three notes and claiming breach of fiduciary duty under ERISA. The district court ruled that Northern, Buster and Parks were fiduciaries to the Trust and that they had breached their fiduciary duty. The court awarded damages to the Trust in excess of $142,000, and we affirmed. *Thomas, Head & Greisen Employees Trust v. Buster,* 24 F.3d 1114 (9th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 935, 130 L.Ed.2d 881 (1995).[2]

Buster then instituted this suit in Alaska Superior Court, alleging that the Trustees had failed to disclose information that would have put him on notice that he was a fiduciary to the Trust. Contending that either ERISA's "complete preemption" doctrine or the district court's "ancillary jurisdiction" conferred federal question jurisdiction over Buster's complaint under 28 U.S.C. § 1331, the Trustees removed the case to federal court under 28 U.S.C. § 1441. After denying Buster's motion to remand, the court granted the Trustees' motions for summary judgment and sanctions.

1. Because we conclude that the district court lacked jurisdiction, we do not review the grant of summary judgment.

2. We recently affirmed a judgment in proceedings related to the Trust's efforts to execute on its judgment in the prior case. *Thomas, Head & Greisen Employees Trust v. Buster,* 95 F.3d 1449 (9th Cir.1996). Specifically, we upheld the exercise of jurisdiction over the recipient of an alleged fraudulent conveyance by Buster, and af-

## DISCUSSION

### A. Subject Matter Jurisdiction

■ We review de novo questions of federal subject matter jurisdiction. *Kruse v. State of Hawaii,* 68 F.3d 331, 333 (9th Cir.1995).

#### 1. Complete Preemption

■ "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Felton v. Unisource Corp.,* 940 F.2d 503, 506 (9th Cir.1991). A corollary to this requirement provides "that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor,* 481 U.S. at 63–64, 107 S.Ct. at 1546; *Felton,* 940 F.2d at 507. ERISA "completely preempts" a state law claim only when it both preempts the claim under 29 U.S.C. § 1144(a) and displaces the claim with its civil enforcement provision, 29 U.S.C. § 1132(a). *Taylor,* 481 U.S. at 66, 107 S.Ct. at 1547–48; *Harris v. Provident Life and Accident Ins. Co.,* 26 F.3d 930, 934 (9th Cir.1994). The Trustees' complete preemption argument fails because section 1132(a) does not displace Buster's claim.

Buster's complaint asserts only a claim for state law misrepresentation by nondisclosure. Under section 1132(a), which authorizes suits by plan participants, beneficiaries, or fiduciaries, he could possibly bring only the following actions: [3]

(2) ... for appropriate relief under section 1109 of this title; [or]

(3) ... (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to

firmed the court's finding of contempt, entry of default and default judgment against Buster.

3. Buster was found to be an ERISA fiduciary in the prior litigation and in that capacity would have standing to assert claims otherwise allowed by the statutory scheme. *See Harris,* 26 F.3d at 934; *Curtis v. Nevada Bonding Corp.,* 53 F.3d 1023, 1027 (9th Cir.1995).

obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Neither subsection displaces Buster's claim. Subsection (3) is inapplicable by its terms, because Buster seeks neither "to enjoin any act or practice" nor "to obtain other appropriate equitable relief." He seeks only damages.

Subsection (2) incorporates section 1109, which provides:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, ... and shall be subject to such other equitable or remedial relief as the court may deem appropriate....

Buster, however, is not bringing an action *on behalf of the plan* as required by the plain language of section 1109 and our decision in *Kim v. Fujikawa*, 871 F.2d 1427, 1432 (9th Cir.1989) (section 1109 "only establishes remedies for the benefit of the *plan* ").

### 2. Ancillary Jurisdiction

■ Relying on *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the district court determined that its authority would be undermined by allowing what it concluded was a retaliatory lawsuit to proceed in state court. Although we share the district court's concern with such attacks on federal judgments, and sympathize with litigants subjected to such suits, *Kokkonen* does not support this exercise of jurisdiction.

In *Kokkonen* the Supreme Court noted that it had allowed the exercise of ancillary jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380, 114 S.Ct. at 1676. However, the Court also cautioned that the doctrine is limited to "matters ... that are *incidental to other matters properly before* [the court]." *Id.* (emphasis added). The district court lacked this important prerequisite.

An amended final judgment in the prior suit was entered in April 1993, but this action was not filed until September 1994. Because there was no action to which Buster's claim could be deemed ancillary, the court erred in taking jurisdiction. *See also Peacock v. Thomas*, —— U.S. ——, ——, 116 S.Ct. 862, 867, 133 L.Ed.2d 817 (1996) ("In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction"); *In re Hunter*, 66 F.3d 1002, 1005 (9th Cir.1995) (link to prior proceeding insufficient basis to assert ancillary jurisdiction over independent fraud action).

### B. Sanctions

■ Buster and Petersen appeal the award of Rule 11 sanctions. We review for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990).

■ The district court found that this suit was "patently frivolous," brought in bad faith, and solely for the purpose of harassment in violation of Rule 11, which, in relevant part, provides:

(b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

In concluding that Buster's claim was both frivolous and brought for an improper pur-

pose, the district court was well within its discretion.[4]

■ "Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). The district court concluded that this suit was barred by the *res judicata* and collateral estoppel effects of the prior judgment. These findings are supported by the record, and a reasonable and competent inquiry would have led to the same conclusion. This action involves the same parties and the same "transactional nucleus of fact" as the prior suit and it seeks to relitigate issues that were conclusively resolved in the prior suit. *See In re Grantham Brothers,* 922 F.2d 1438, 1442 (9th Cir. 1991) (collateral attack with no basis in law or fact is frivolous under Rule 11), *cert. denied,* 502 U.S. 826, 112 S.Ct. 94, 116 L.Ed.2d 66 (1991); *Roberts v. Chevron,* 117 F.R.D. 581 (M.D.La.1987) (bringing state court action attacking prior federal judgment and failing to dismiss after removal justified Rule 11 sanctions; reasonable inquiry would have shown that res judicata barred action), *aff'd,* 857 F.2d 1471 (5th Cir.1988). The district court did not abuse its discretion in concluding that Buster's claim was frivolous.

Nor did the district court abuse its discretion in concluding that Buster's action was brought to harass the Trustees. We have held that "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Zal-*

divar v. City of Los Angeles, 780 F.2d 823, 833 (9th Cir.1986). Buster's efforts to relitigate the prior case similarly support a finding of harassment.

■ Buster and Petersen contend that our conclusion that the district court lacked subject-matter jurisdiction renders void the order awarding sanctions. The Supreme Court rejected this precise argument in *Willy v. Coastal Corp.,* 503 U.S. 131, 137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992): "A final determination of lack of subject matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it. But such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction." *See also Branson v. Nott,* 62 F.3d 287, 293 (9th Cir.) (that the district court lacked subject matter jurisdiction does not preclude it from imposing Rule 11 sanctions), *cert. denied,* —— U.S. ——, 116 S.Ct. 565, 133 L.Ed.2d 491 (1995). The award of sanctions survives our jurisdictional ruling.[5]

■ Finally, Petersen argues that he was not afforded due process before the imposition of sanctions. This argument itself borders on the frivolous.[6] Due process requires notice that the court is considering sanctions and an opportunity to be heard in opposition. *Pan–Pacific and Low Ball Cable Television Co. v. Pacific Union Co.,* 987 F.2d 594, 597 (9th Cir.1993). Buster and Petersen were timely served with the Trustees' motion and filed a twelve-page memorandum in op-

---

4. Buster's argument that the district court could not impose sanctions based upon a complaint filed in state court ignores the 1993 amendments to Rule 11. Although prior to the amendments conduct was measured only at signing, *see Hurd v. Ralphs Grocery Co.,* 824 F.2d 806, 808 (9th Cir.1987), Rule 11 now authorizes sanctions for "presenting to the court (whether by signing, filing, submitting, or *later advocating*)" a document otherwise sanctionable. *See Bisciglia v. Kenosha Unified School Dist. No. 1,* 45 F.3d 223, 227 n. 5 (7th Cir.1995); *Developments in the Law—Lawyers' Responsibilities and Lawyers' Responses,* 107 Harv.L.Rev. 1547, 1635 (1994). Thus, as the Advisory Committee noted "if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court ..., it would be viewed as 'presenting'— and hence certifying to the district court under Rule 11—those allegations." Buster has continued to urge the allegations in his complaint since removal.

Furthermore, Buster's motion for summary judgment, filed after removal, provides an independent basis for sanctions.

5. Buster contends that the district court erred by including in the sanction award fees and expenses incurred in pursuing the motion. We disagree. Although he states correctly the law prior to the 1993 amendments to Rule 11, *see Pan–Pacific v. Pacific Union,* 987 F.2d 594, 597 (9th Cir.1993), he ignores the Rule's plain text, which now provides that "the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R.Civ.P. 11(c)(1)(A).

6. As does the assertion that the Seventh Amendment requires a jury trial before sanctions in excess of twenty dollars can be imposed.

position with an attached eleven-page affidavit by Petersen. They had both adequate notice and an opportunity to be heard.

## CONCLUSION

We vacate the district court's summary judgment and affirm the award of sanctions. Buster and Petersen shall bear the costs of appeal.

**VACATED IN PART; AFFIRMED IN PART.**