116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Peter SCHREY, Plaintiff-Appellant,
v.
M.H. CARRILLO, Warden; W. Ledbetter; W. Mock; W.J. Lais,
Lt.,; J. Lane, Lt.; C. Gonzales, Defendant-Appellees.
 No. 96-16215.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
June 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-93-05213-REC(DLB); Robert E. Coyle, Senior Judge, Presiding. Submitted June 3, 1997* *
 Before NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Peter Schrey, a California prisoner incarcerated at the time this action was filed, appeals pro se the district court's grant of judgment on the pleadings and summary judgment for defendants in his 42 U.S.C. § 1983 action alleging retaliation in violation of the First Amendment, deliberate indifference to his safety in violation of the Eighth Amendment, and deprivation of his property in violation of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's grant of judgment on the pleadings, see Marx v. Loral Corp., 87 F.3d 1049, 1053 (9th Cir.1996), and the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Schrey contends that the district court erred by granting judgment on the pleadings for defendants on his retaliation claim. Defendants submitted the complaint and final order in a previous action brought by Schrey against the same defendants alleging virtually identical facts. Because the district court could judicially notice these documents, see Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir.1988), the district court did not err by granting defendants judgment on the pleadings on Schrey's retaliation claim pursuant to the doctrine of res judicata, see Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir.1997).[1]
 
 
 4
 Schrey also contends that the district court erred by granting summary judgment for defendants on his claim that defendants were deliberately indifferent to his safety when they permitted unauthorized inmates to enter his cell. Upon our review of the record, we conclude that Schrey did not submit sufficient evidence to establish that defendants knew of and disregarded a risk to Schrey's safety. See Farmer v. Brennan, 511 U.S. 825, 837 (9th Cir.1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994).
 
 
 5
 Finally, Schrey contends that the district court erred by granting summary judgment for defendants on his claim that defendants were responsible for the theft of his property because of their practice of opening cell doors without sufficient attention to whether the inmate was authorized to enter the cell. Because Schrey failed to submit evidence that he lacked an adequate post-deprivation remedy at state law, the district court did not err by granting summary judgment for defendants on his deprivation of property claim. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett, 31 F.3d at 816.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Schrey's claim of retaliation against Gonzales is not precluded by the former action, Schrey's allegations of verbal threats are insufficient to establish a violation of § 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987)
 
 
 [2]
 We deny Schrey's request for appointment of counsel on appeal. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991)
 
 
 [3]
 Because of our dispostion of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal