133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THOMAS, HEAD and GREISEN EMPLOYEES TRUST; Ronald E.
Greisen; senry P. Head, Plaintiffs-Appellees,
v.
Jack B. BUSTER, Janice Sue Buster aka Janice Sue Johnson
Defendants-Appellants,
Thomas, Head and Greisen Employees Trust; Ronald F.
Greisen; Henry P. Head, Plaintiffs-Appellees,
v.
Jack B. Buster, Defendant-Appellant,
and
Janice Sue Buster, aka Janice Sue Johnson, Defendant.
 Nos. 96-35746, 96-35818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1997.**
Dec. 31, 1997.
 MEMORANDUM*
 
 1
 Before SKOPIL and TROTT, Circuit Judges, and ROLL, District Judge.*
 
 
 2
 This is the fourth time we have reviewed this controversy. In Thomas, Head & Greisen Employees Trust v. Buster, 24 F.3d 1114 (9th Cir.1994), cert. denied, 513 U.S. 1127 (1995), we affirmed a judgment of $142,745.71 against Buster based on his breach of fiduciary duties to the Trust. The district court later entered a preliminary injunction freezing certain assets and requiring and Johnson to deposit $125,000 into the court registry. When they failed to do so, the court held them in contempt, declared them in default, and entered a default judgment. We again affirmed. Thomas, Head & Greisen Employees Trust v. Buster, 95 F.3d 1449 (9th Cir.1996), cert. denied, 117 S.Ct.1247 (1997) in yet another related appeal, we rejected Buster's attempt to adjudicate state law misrepresentation claims against the Trust, and we upheld the district court's award of Rule 11 sanctions against Buster and his attorney for bringing the action. Buster v. Greisen, 104 F.3d 1186 (9th Cir.1997), cert. denied, --- S.Ct. ---- (Nov. 17, 1997) (No. 97-285).
 
 
 3
 Notwithstanding our prior decisions, Buster continued to refuse to respond to discovery requests. An evidentiary hearing revealed that Buster distributed $63,250 to Johnson after the preliminary injunction and default judgment had been entered. The court directed that Buster and Johnson return the distributed funds. When they failed to do so, the Trust sought an order of contempt and sanctions. An evidentiary hearing was held before a magistrate judge, who issued findings and recommended that Buster and Johnson be held in contempt. After de novo review, the district court ruled that "Buster and Johnson committed a willful contempt of this Court's prior orders by cooperating in the fraudulent transfer of Buster's assets in order to avoid paying the judgment rendered against him." The court entered judgment for $63,250 as a compensatory contempt sanction and awarded $14,260.14 for attorneys fees. Buster and Johnson both appeal, raising a host of contentions, all of which we conclude are meritless.
 
 
 4
 Buster and Johnson first contend that the magistrate judge did not have the authority to conduct an evidentiary hearing. We need not decide, however, whether the magistrate judge lacked jurisdiction to conduct a hearing, for any such error was rendered harmless by the district court's de novo review. See Estate of Connor v. O'Connor, 6 F.3d 656, 659 n. 2 (9th Cir.1993).
 
 
 5
 Appellants assert that they were deprived of due process. We conclude, however, that there was ample notice and opportunity to respond. The district court's orders were sufficiently detailed; the preliminary injunction and default judgment were clear; and there is adequate evidence in the record to indicate that Johnson and Buster had actual knowledge of the provisions of the judgment and preliminary injunction.
 
 
 6
 Appellants also contend that contempt was improper as a means to enforce compliance with a money judgment. They assert that the trust should have sought a writ of execution. As the Trust points out, however, "[e]ven if a writ of execution could have been utilized, execution would have only, worked if Johnson had held the funds as she was required to do by the terms of the default judgment and preliminary injunction." We agree that because Johnson dissipated the funds that were distributed to her, there are no funds on which to execute. Johnson claims that because she no longer has the money, she should not be subject to a monetary sanction. While the "inability to comply with a court's order is generally a complete defense to a coercive civil contempt sanction," Hook v. Arizona Dep't of Corrections, 107 F.3d 1397, 1404 (9th Cir.), cert. denied, 118 S.Ct. 171 (1997), here the contempt sanction was imposed to compensate the Trust for injuries resulting from Johnson's dissipation of assets, not to compel or coerce obedience to a court order. As the sanction was compensatory rather than coercive, we conclude that the defense of inability to comply is unavailable.
 
 
 7
 Finally, Johnson asserts that some of the money she received is exempt from execution by state law. We agree with the district court's reasoning that the funds did not legally belong to Johnson. She held the money only in constructive trust subject to further order of the Court, and accordingly she is not entitled to any state law exemptions.
 
 
 8
 The Trust moves for an award of attorneys' fees based on 29 U.S.C. § 1132(g), providing for awards of fees in ERISA cases. We agree that section 1132(g) is applicable to this action. See Canseco v. Construction Laborers Pensions Trust, 93 F.3d 600, 609 (9th Cir.1996) (listing factors), cert. denied, 117 S.Ct. 1250 (1997). The Trust should submit an itemized request for fees to this court.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds: this case suitable for submission on the record and briefs and wthout oral argument. Fed. R.App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 *
 The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation