**Haim HABIB, Plaintiff–Appellant,**

v.

**Joseph M. CRUZ; et al., Defendants–Appellees.**

No. 00–17103.

D.C. No. CV–99–00095–JSU.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* Because the panel unanimously finds this case suitable for decision without oral argument, *see* Fed. R.App. P. 34(a)(2), all motions for oral argument are denied.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Haim Habib appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 claim alleging that he was denied due process and equal protection when the Superior Court of Guam ordered him to return attorney fees and subsequently enforced that judgment. Habib also appeals the district court's award of sanctions pursuant to Fed.R.Civ.P. 11 to defendants Cruz, Bischoff and Braley. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under Fed. R.Civ.P. 12(b)(6) for failure to state a claim, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996), and we review for abuse of discretion Rule 11 sanctions, *Buster v. Greisen*, 104 F.3d 1186, 1189 (9th Cir. 1997). We affirm.

Dismissal was proper under the *Rooker–Feldman* doctrine because Habib's complaint sought review of issues previously litigated in Guam Superior Court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 891–92 (9th Cir.1986), and also raised federal constitutional claims "inextricably intertwined" with that previous judgment. *See Doe & Assocs. v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir.2001). The district court did not abuse its discretion by awarding Rule 11 sanctions, *see Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir.1997); although defendants Bischoff and Braley simultaneously served and filed their amended motion for sanctions, they properly served their original motion for sanctions at least 21 days prior to filing. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998). In addition, defendant Cruz's identical motion for Rule 11 sanctions was filed in compliance with the rule, providing Habib with an opportunity to withdraw his amended complaint and to take advantage of Fed.R.Civ.P. 11's "safe harbor" provision in order to escape sanctions. *See id.*

Bischoff and Braley's motion for sanctions pursuant to Fed. R.App. P. 38 is denied without prejudice to renewal.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.