MEMORANDUM **
David K. Winterroth appeals pro se from the district court’s order granting the government’s motion for sanctions of $2,000 in Winterroth’s action seeking damages and to set aside an Internal Revenue Service (“IRS”) determination that the government could collect by levy federal income tax liabilities for tax years 1995- *811 1998. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Buster v. Greisen, 104 F.3d 1186, 1189 (9th Cir.1997), and we affirm.
The district court did not abuse its discretion in awarding sanctions pursuant to Fed.R.Civ.P. 11 because Winterroth’s complaint and subsequent filings, in addition to presenting unfounded and insulting allegations directed towards government officials, counsel, and the courts, was premised on arguments consistently rejected as frivolous by this court and others. See, e.g., Olson v. United States, 760 F.2d 1003, 1005 (9th Cir.1985) (rejecting as frivolous taxpayer’s contention that wages are not income); Hughes v. United States, 953 F.2d 531, 536 (9th Cir.1992) (holding that IRS employees were properly delegated authority to assess frivolous return penalties); Huff v. United States, 10 F.3d 1440, 1446 (9th Cir.1993) (holding that a Form 4340 constitutes proof of a valid tax assessment). Moreover, the proper forum for judicially challenging a collection due process hearing is the United States Tax Court. See 26 U.S.C. § 6330(d)(1)(A).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.