Elvira M. **POLLARD**, individually and as representative of Estate of Gustavus Rugley, Jr., Plaintiff,

and

**Micha Star Liberty, Appellant,**

v.

**CITY AND COUNTY OF SAN FRAN-CISCO; San Francisco Police Department; Heather Fong, Chief, San Francisco Police Department, Defendants—Appellees.**

No. 07–15307.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Dec. 20, 2007.

Micha Star Liberty Andrus Liberty & Anderson San Francisco, CA, pro se.

Sharon J. Arkin, Esq., Arkin & Glovsky, Lake Forest, CA, for Appellant.

Sean Connolly, San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: B. FLETCHER, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Micha Star Liberty (Liberty) appeals the district court's Order entered

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

February 21, 2007, *sua sponte* imposing sanctions against Liberty for failing to conduct a sufficient investigation prior to asserting a civil rights claim on behalf of her client.[1]

The district court violated Liberty's due process rights by ordering sanctions without notice and a reasonable opportunity to respond. *See Navellier v. Sletten,* 262 F.3d 923, 943 (9th Cir.2001) ("When a court imposes sanctions *sua sponte,* the general rule is that it must first issue an order to show cause why sanctions should not be imposed to give the lawyer or party an opportunity to explain his or her conduct.") (citation omitted). Additionally, the district court lacked authority to impose sanctions for pleadings filed in state court prior to removal. *See Buster v. Greisen,* 104 F.3d 1186, 1190 n. 4 (9th Cir.1997) (explaining that a party may be sanctioned by the district court based on pleading filed in state court only if the party urges the allegations of those pleadings after removal). Finally, Liberty did not engage in sanctionable conduct by amending her client's complaint to include a civil rights claim. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401–02, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (recognizing that a pre-filing investigation that might otherwise be unreasonable may be reasonable where the attorney has limited time to prepare pleadings before the applicable statute of limitations expires).

In sum, the district court abused its discretion when it awarded fees and costs against Liberty and referred her to the State Bar of California and the Northern District's Standing Committee on Professional Conduct. More importantly, absolutely no basis for the imposition of discipline existed.

**ORDER IMPOSING SANCTIONS VACATED; AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS VACATED; REFERRAL TO STATE BAR OF CALIFORNIA AND THE NORTHERN DISTRICT'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT VACATED.**

Each party shall bear her or its costs on appeal.

---

1. Nothing in the record supports this finding and the defendants in no way sought or par-
ticipated in the imposition of sanctions against Liberty.