Sandra **BRANDS,** Plaintiff—Appellant,

v.

**FIRST TRANSIT, INC.,** a corporation, form unknown; et al., Defendants—Appellees.

Sandra Brands, Plaintiff—Appellee,

v.

First Transit, Inc., a corporation, form unknown, Defendant—Appellant,

and

Michael D. Hadley, Dr., Defendant.

Sandra Brands, Plaintiff—Appellant,

v.

First Transit, Inc., a corporation, form unknown, Defendant—Appellee.

Nos. 06–55219, 06–55285, 06–56761.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed May 8, 2008.

Anthony O. Egbase, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Douglas N. Silverstein, Esq., Alexandra M. Steinberg, Esq., Law Offices of Kesluk & Silverstein, Los Angeles, CA, Lawrence S. Andrews, Esq., Reback McAndrews & Kjar, Manhattan Beach, CA, for Defendants–Appellees.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and KING *, Senior Judge.

## MEMORANDUM **

Sandra Brands appeals the district court's grant of Defendant First Transit's (1) motion to dismiss (No. 06–55219); (2) motion for summary judgment (No. 06–55219); and (3) a motion for sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 (No. 06–56761). Brands also appeals the district court's grant of Defendant First Transit's and Defendant Dr. Michael D. Hadley's motion to strike (06–55219). First Transit cross appeals the district court's order (a) granting leave to file an amended complaint and (b) failing to strike all of the causes of action in the first amended complaint (No. 06–55285). Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction of these consolidated appeals pursuant to 28 U.S.C. § 1291. We affirm the district court in No. 06–55219, reverse its decision in No. 06–56761 and dismiss No. 06–55285 as moot.

## I. Motion to Dismiss

■ The district court did not err by granting First Transit's motion to dismiss because the district court lacked subject matter jurisdiction over the causes of action alleged in Brands's original complaint. We review a district court's decision to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rules Civil Procedure 12(b)(1) and 12(h)(3) *de novo*. *See Assoc. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir.2000). The causes of action alleged in Brands's original complaint were based, at least in part, on union activities. Although the causes of action were "couched" in discrimination terms, the allegations were "arguably" or "potentially" subject to the National Labor Relations Act (NLRA). Thus, under *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), Brands's claims were preempted by the NLRA. *See Local 100 of United Ass'n of Journeymen and Apprentices v. Borden,* 373 U.S. 690, 698, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963) ("It is not the label affixed to the cause of action under state law that controls the determination of the relationship between state and federal jurisdiction.").

## II. Motion to Strike

■ Judge Real's lack of explanation in his order in this procedurally complicated matter requires us to make reasonable inferences from the record. Bearing in mind that Rule 12(f) is not a proper way to procure dismissal of all or part of a complaint, *see* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 391 (3d ed.2004), and considering the procedural posture of the case, it is apparent that Judge Real treated the "Motion to Strike" as an opposition to Brands's filing of an amended complaint. *Id.* at 392–93 ("the technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice to the nonmoving party hardly can result from treating a motion that has been inaccurately denominated a motion to strike as a motion to dismiss the complaint."). We therefore review for abuse of discretion. *See Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir.2002). Rather than curing deficiencies, the amended complaint attempted to add an entirely new party (Dr.

---

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hadley) and to add four new causes of action shortly before trial. The finding of prejudice to Defendants in such an amendment was not an abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).[1]

### III. Motion for Summary Judgment

■ As to the remaining cause of action in Brands's amended complaint, the district court properly granted summary judgment in First Transit's favor on Brands's Family and Medical Leave Act (FMLA) claim. The district court dismissed Brands's FMLA claim on the grounds that she was never employed by First Transit and that she had already settled with her prior employer, Coach. We need not decide whether First Transit is a successor-in-interest under the governing regulations, or determine the legal effect of Brands's settlement with Coach. 29 C.F.R. § § 825.107, 825.220(d). Assuming, without deciding, that Brands could pursue relief against First Transit as a successor-in-interest, we conclude that summary judgment was nonetheless proper because Brands failed to raise a disputed issue of material fact as to whether First Transit offered to restore her to an "equivalent position." 29 U.S.C. § 2614(a)(1)(B).

Brands was offered a position as a bus driver with First Transit at equivalent pay and seniority. The bidding process for choosing specific routes was conducted according to standard company policies during Brands's FMLA leave. First Transit produced evidence on summary judgment that showed that it allowed Brands to choose from all remaining routes upon her return, and that Brands would have been able to bid on all available routes at the next regularly scheduled bid five months later. Moreover, Brands did not, as First Transit and its predecessor Coach both required, provide any information to submit a bid by proxy during her absence.

Thus, the record confirms that Brands retained her accrued seniority during her FMLA leave and was offered an equivalent position upon her return. It was the operation of the company's normal bidding process, not the denial of reinstatement to an equivalent position, that resulted in a temporary assignment to a different route. Brands was not entitled to the "additional" benefit of requiring First Transit to conduct an entirely new bidding process, or the "additional" benefit of excusal from the normal policies governing proxy bidding during approved leave. *See* 29 C.F.R. § 825.215(d)(2) ("An employee may, but is *not entitled to, accrue any additional benefits or seniority* during unpaid FMLA leave.") (emphasis added).

### IV. Motion for Sanctions

■ The district court abused its discretion in granting attorneys' fees and a civil penalty under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and its inherent power. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (stating standard of review for Federal Rule of Civil Procedure 11); *GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir.1994) (stating standard of review for 28 U.S.C. § 1927). The district court awarded sanctions based upon Brands's vexatious, bad faith, and unmeritorious litigation by (1) filing an opposition to removal or in the alternative a motion to remand; and (2) filing complaints (*Brands II* and *Brands*

---

1. Our decision would be the same if Judge Real had considered the Motion to Strike as a Motion to Dismiss, and we reviewed that decision de novo. *See, e.g., Yamaguchi v. U.S.* *Dept. of Air Force*, 109 F.3d 1475, 1481–82 (9th Cir.1997) (reviewing de novo a decision on a motion to strike treated as a motion to dismiss).

*III* ) in state court which allegedly mirrored the claims pending in the ongoing federal district court case, which had previously been removed from state court. Sanctions should only be imposed on sanctionable conduct. *See Stitt v. Williams,* 919 F.2d 516, 528 (9th Cir.1990); *Matter of Yagman,* 796 F.2d 1165, 1183 (9th Cir. 1986). However, the award was based in part on conduct not before the district court. Specifically, the district court's order references *Brands III*, which was dismissed at the state court level prior to First Transit's motion for sanctions. Therefore, *Brands III* cannot be a basis for sanctions. *See Retail Flooring Dealers of America, Inc. v. Beaulieu,* 339 F.3d 1146, 1150 (9th Cir.2003) (offending party is given an opportunity to withdraw or correct offending pleadings and thereby escape sanctions). Here, Brands withdrew her alleged offending pleadings and therefore cannot be subject to sanctions on this complaint.

Further, Brands filed her opposition to removal or alternative motion to remand on October 2, 2006. First Transit filed its motion for sanctions on October 16, 2006 based upon *Brands II*. First Transit does not assert in its motion for sanctions that Brands's motion opposing removal is sanctionable. It was not until October 23, 2006 that First Transit provided any notice that it believed the motion was improper and it was seeking sanctions on this motion. This did not give Brands 21 days to withdraw this motion opposing removal. *See* Fed.R.Civ.P. 11(c)(2). Because this conduct was not specified under First Transit's motion for sanctions, it was not appropriately before the district court. Therefore, imposing any sanctions related to the filing of Brands's opposition to removal was improper. *See id.*

Lastly, we reverse the award of sanctions based on the filing of the *Brands II* complaint in state court. Brands's amended complaint asserts causes of action that were never adjudicated by the district court. Because the district court denied Brands the ability to raise those issues based on prejudice to the litigants due to the proximity to the trial date, they were not decided on the merits and thus not barred by res judicata. *See Allen v. McCurry,* 449 U.S. 90, 93, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.")

Furthermore, a complaint filed in state court that is subsequently removed cannot form the basis of sanctions unless the plaintiff urges those allegations in federal court. *Buster v. Greisen,* 104 F.3d 1186, 1190 n. 4 (9th Cir.1997); *GRiD Sys.,* 41 F.3d at 1319. Here, there is a question of whether Brands urged the allegations in the *Brands II* complaint before the district court. Although Brands filed a motion opposing removal, the basis for her opposition was that she was attempting to dismiss the action. We thus reverse the district court's imposition of sanctions for the filing of *Brands II* in state court.

## V. Costs on Appeal

Where this court affirms a district court judgement in part and reverse in part, costs are awarded only as this court orders. *See* Fed. R.App. P. 39(a)(4). Because this was a consolidated appeal, in which we affirmed No. 06–55219 and reversed and vacated No. 06–56761, we order that each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part. PARTIES TO BEAR OWN COSTS ON APPEAL.**