**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN L. CORRIGAN, | No. 09-35576 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00227-RHW |
| v. | |
| D. DALE, WSP Trooper; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

John L. Corrigan appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that Washington State Troopers

Dale and Burt, Adams County Judge A. Hille, and Adams County Deputy

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Prosecutor B. Scudder violated his constitutional rights after he refused to sign a traffic infraction citation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the statute of limitations determination and the grant of summary judgment. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). We affirm.

The district court properly dismissed Corrigan's claims because his action was filed after the applicable three-year statute of limitations had expired. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (explaining that the statute of limitations for a § 1983 action filed in Washington "is the three-year limitation of Wash. Rev. Code § 4.16.080(2)").

The district court properly granted summary judgment on Dale's and Burt's counterclaim for malicious prosecution because there was no triable issue as to whether Corrigan brought the action with malice and without probable cause. *See* Wash. Rev. Code § 4.24.350; *see also Clark v. Baines*, 84 P.3d 245, 248-49 (Wash. 2004) (setting forth elements of malicious prosecution claim).

The district court properly granted Hille's and Scudder's motion for Rule 11 sanctions because Corrigan's filing of successive complaints based on previously-rejected propositions of law constituted harassment. *See Buster v. Greisen*, 104 F.3d 1186, 1189-90 (9th Cir. 1997) (reviewing for an abuse of discretion and

upholding Rule 11 sanctions where later action sought to relitigate issues resolved in earlier action and was brought for the purpose of harassment).

The district court did not abuse its discretion by denying Corrigan's recusal motion because "a reasonable person with knowledge of all the facts would [not] conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir. 1989) (citation and internal quotation marks omitted) (reviewing for an abuse of discretion the district court's decision whether to grant a recusal motion).

The district court did not abuse its discretion by denying Corrigan's motion for reconsideration because he did not identify any grounds that would justify relief from judgment. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth grounds for reconsideration).

Corrigan's remaining contentions, including those of judicial bias, are unpersuasive.

**AFFIRMED.**