**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN RAMIREZ, as Elder of Wat Khmer Vipassanaram and president of Khmer Buddhist Association, the Spiritual Entity; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DAVID J. PASTERNAK; et al., <br><br> Defendants - Appellees. | No. 09-56034 <br><br> D.C. No. 8:09-cv-00245-DOC-AGR <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Plaintiffs appeal pro se from the district court's orders dismissing their civil

rights action and awarding Rule 11 sanctions to court-appointed receiver David J.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pasternak. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim, *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300 (9th Cir. 1989), and for abuse of discretion the award of Rule 11 sanctions, *Buster v. Greisen*, 104 F.3d 1186, 1189 (9th Cir. 1997). We affirm.

The district court properly dismissed plaintiffs' claims against Pasternak because the state court acted within its judicial discretion in appointing Pasternak as receiver, was not itself acting in the clear absence of all jurisdiction, and Pasternak was entitled to absolute quasi-judicial immunity for actions undertaken in his capacity as receiver that were "functionally comparable to those of judges." *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 947 (9th Cir. 2002); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted); *New Alaska Dev.*, 869 F.2d at 1303-04 & n.6 (concluding that state court-appointed receiver was entitled to absolute immunity for allegedly mismanaging company assets).

The district court did not abuse its discretion in awarding Rule 11 sanctions to Pasternak based on its conclusion that plaintiffs' complaint was frivolous. *See*

*Buster*, 104 F.3d at 1190 ("Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry.") (internal quotation marks and citation omitted).

**AFFIRMED.**