**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN L. CORRIGAN,

Plaintiff - Appellant,

v.

FRED C. PFLANZ; et al.,

Defendants - Appellees.

Nos. 09-35482, 09-35730

D.C. No. 2:08-cv-00333-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

In these consolidated appeals, John L. Corrigan appeals pro se from the

district court's judgment dismissing his action alleging that defendants abused

Federal Rule of Civil Procedure 11 in two prior actions.  We review de novo.

*Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).  We may affirm on any

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Corrigan's claim concerning defendants' failure to satisfy Rule 11's safe harbor provision in his 2003 action. *See Holgate v. Baldwin*, 425 F.3d 671, 680 (9th Cir. 2005) ("The appropriate remedy for . . . failure to satisfy safe harbor is a denial of [the] request for Rule 11 sanctions . . . ."). Further, Corrigan's claims alleging Rule 11 abuses were barred under the doctrine of res judicata because he could have raised them in prior actions. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in entering a pre-filing order against Corrigan because he was provided with notice and an opportunity to respond, and the district court created an adequate record of Corrigan's prior actions, found the actions to be frivolous and harassing, and narrowly tailored its order to address Corrigan's particular abuses. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir. 2007) (per curiam) (setting forth standard of review).

09-35482

The district court did not abuse its discretion by granting defendants Hille's and Scudder's motion for Rule 11 sanctions because Corrigan's filing of successive complaints based on previously-rejected propositions of law constituted harassment.  *See Buster v. Greisen*, 104 F.3d 1186, 1189-90 (9th Cir. 1997) (setting forth standard of review and upholding Rule 11 sanctions); *United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 358 (9th Cir. 1988) (district court retained jurisdiction to impose sanctions while plaintiffs' appeal from judgment of dismissal was pending).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Corrigan's remaining contentions, including those of judicial bias, are unpersuasive.

**AFFIRMED.**