**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CERVANTES ORCHARDS &
VINEYARDS, LLC, a Washington limited
liability corporation; et al.,

              Plaintiffs-Appellants,

  v.

DEERE & COMPANY, a corporation; et al.,

              Defendants-Appellees.

No.    15-35675

D.C. No. 1:14-cv-03125-RMP

MEMORANDUM*

CERVANTES ORCHARDS &
VINEYARDS, LLC, a Washington limited
liability corporation; et al.,

              Plaintiffs-Appellants,

DEAN BROWNING WEBB and SCOTT
ERIK STAFNE,

              Appellants,

  v.

DEERE & COMPANY, a corporation; et al.,

              Defendants-Appellees.

No.    16-35220

D.C. No. 1:14-cv-03125-RMP

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 5, 2017[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Cervantes Orchards and Vineyards, along with Cervantes Nurseries, Cervantes Packing & Storage, Manchego Real, Jose G. Cervantes, and Cynthia C. Cervantes, (collectively "Cervantes"),[1] appeals the district court's dismissal of its RICO and civil rights claims against Deere & Company, Deere Credit, John Deere Capital Corporation, John Deere Financial, FKA FPC Financial, and Deere Credit Services ("Deere"), American West Bank, T-16 Management Company ("T-16"), Gary and Linda Johnson ("the Johnsons"), Robert and Michelle Wyles ("the Wyles"), Northwest Management & Realty Services ("NWFM"), and SKBHC Holdings, (collectively "defendants"). Dean Webb and Scott Stafne appeal the district court's order sanctioning them under Federal Rule of Civil Procedure 11 and assessing attorney's fees. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[1] For simplicity's sake, we refer to these collective entities in the singular as "Cervantes."

in part, vacate in part, and remand to the district court for further findings.

1.  Dismissal of RICO and civil rights claims

Cervantes argues that the district court erred in dismissing its claims of racketeering, extortion, and bankruptcy fraud in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and for civil rights violations based on racial discrimination. *See* 18 U.S.C. §§ 1961, 1962; 42 U.S.C. §§ 1981, 1982, and 1985(3).

"We review de novo the district court's decision to grant [a] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). We review for abuse of discretion a district court's decision to dismiss with prejudice. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012).

The district court did not err in dismissing Cervantes' extortion-based RICO claims. Cervantes failed to allege specific facts to support its extortion allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The defendants did not acquire Cervantes' property through fear, threatened force, or coercion, but foreclosed after Cervantes missed payment deadlines. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 838 (9th Cir. 2014) ("Courts must . . . differentiate between legitimate use of economic fear – hard bargaining – and wrongful use of such fear – extortion."). The defendants

complied with a bankruptcy plan that Cervantes itself proposed, and provided forbearance opportunities to Cervantes before foreclosing.[2]

Nor did the district court err in dismissing Cervantes' fraud-based RICO claims. RICO predicate fraud claims must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Moore v. Kayport Package Exp, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Cervantes failed to allege specific facts that would support its allegations that the defendants committed bankruptcy fraud. Cervantes claimed that defendant NWFM "filed a false sworn declaration in the bankruptcy proceeding," but Cervantes failed to specify the contents of the declaration, or explain in what way the declaration was false. Cervantes' implausible theory that the defendants conspired to conceal from the bankruptcy court a settlement agreement that would have revealed a plan to decrease the value of the defendants' own collateral was similarly unsupported by specifics.

The district court did not err in dismissing Cervantes' discrimination claims. Cervantes alleged "*no* facts supporting [its] conclusion that the [defendants']icol actions were driven by discrimination." In "the face of [the defendants'] obvious

---

[2] That the defendants informed Cervantes that it would face "immediate problems," if it did not pay its debts was not extortion but a demand for lawful payment of an overdue obligation. "Threats of economic harm made to obtain property from another, are not generally considered 'wrongful,'" as required to establish RICO liability, "where the alleged extortioner has a legitimate claim to the property obtained." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1130 (9th Cir. 2014) (citation and internal quotation marks omitted).

explanations for their actions in attempting to collect payment from [Cervantes] for outstanding debts, [Cervantes] offered only conclusory allegations [of discrimination]."

2. Judicial bias

Cervantes' claims of judicial bias are unavailing. Cervantes fails to offer evidence that the district judge's "impartiality might reasonably be questioned." *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 884 (9th Cir. 1991). Cervantes also failed to move for disqualification below. *See E & J Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992). Indeed, Cervantes appears to rely entirely on the judge's adverse rulings in claiming bias, and we have held that judicial rulings alone "almost never constitute valid basis for a bias or partiality motion." *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (citation omitted).

3. Rule 11 sanctions

We review for abuse of discretion the district court's decision to impose Rule 11 sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Rule 11 prohibits attorneys from filing complaints for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "The district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted

4

to serve Rule 11's goal of specific and general deterrence." *Cooter*, 496 U.S. at 404.

The district court did not abuse its discretion in ordering sanctions "to deter [Webb and Stafne] from again filing such a baseless lawsuit." Webb and Stafne began this lawsuit in district court by filing a 337-page complaint asserting 60 claims for relief against over 30 defendants. Webb and Stafne filed nearly 1000 pages of complaint papers in total, including a 143-page First Amended Complaint accompanied by a 469-page RICO case statement. The district court described the original complaint as a "quagmire of wordy and repetitious verbiage."

Webb and Stafne's filings were "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). Webb and Stafne have been litigating on behalf of Cervantes against the defendants for over a decade in the bankruptcy and district courts, and in this litigation have consistently failed to support their claims with specific facts. The defendants have spent "hundreds of thousands of dollars in legal fees" defending against Webb and Stafne's allegations. The Wyles and Deere defendants complied with Rule 11's safe harbor requirements. And the district court notified Webb and Stafne in December, 2014 that "they may be held liable for unreasonably and vexatiously multiplying the proceedings of this case."

Webb and Stafne subsequently asserted claims in their Second Amended Complaint that were plainly barred by applicable statutes of limitations.[3]

Webb and Stafne claim that the district court abused its discretion in limiting their Second Amended Complaint to thirty pages, but fail to identify facts that they would have alleged to support their allegations had they been given more space.[4] Even in 30 pages, they should have been able to state the key predicate facts to support their RICO claims, and their prior prolix complaints lacked such facts. Webb and Stafne were warned repeatedly that they could face sanctions if they failed to allege specific facts to support their claims, and they failed to furnish such specifics in nearly 1000 pages of complaint papers.

4. Conduct beyond the Second Amended Complaint and amount of fees

We review for abuse of discretion the district court's decision to award attorney's fees as part of a Rule 11 sanction. *Cooter*, 496 U.S. at 405. "Generally, a district court's order on attorney's fees may be set aside if the court fails to state reasons for its decision." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir. 2003). And "Rule 11 sanctions are limited to 'paper[s]' signed in

---

[3] We deny the Wyles' request to sanction Webb and Stafne again on appeal.

[4] Webb and Stafne's argument that they were "not afforded due process before the imposition of sanctions . . . itself borders on the frivolous." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997). Webb and Stafne received "notice that the court [was] considering sanctions and [had] an opportunity to be heard in opposition." *Id*. Due process required no more. *Pan-Pacific and Low Ball Cable Television Co. v. Pacific Union Co.*, 987 F.2d 594, 597 (9th Cir. 1993).

6

violation of the rule. Conduct in depositions, discovery meetings of counsel, oral representations at hearings, and behavior in prior proceedings do not fall within the ambit of Rule 11." *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).

Here, the district court failed to adequately explain its reasons for awarding $18,744.00 to the Wyles defendants, and $111,771.53 to the Deere defendants. The record does not illuminate why these amounts were appropriate; notably, the sanctions award includes fees incurred prior to the filing of the Second Amended Complaint, and incurred for issues on which Cervantes prevailed. Because the district court awarded fees that did not result from the Second Amended Complaint and did not explain why the sanction it awarded was "limited to what suffices to deter" frivolous filings in the future, Fed. R. Civ. P. 11(c)(4), we must vacate the district court's attorney's fees award. *Id.* We remand for further explanation regarding the basis, amount, and reasonableness of the attorney's fees.

**AFFIRMED in part, VACATED in part, and REMANDED**. Each party shall bear its own costs and fees on appeal.