NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4171
_____

ALAN N. SCOTT,
                              Appellant

v.

FAIRTON FCI, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 09-cv-00929
(Honorable Renée Marie Bumb)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2010

Before:  SCIRICA, JORDAN and GREENBERG, <u>Circuit Judges</u>.

(Filed:May 11, 2010)
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

In March 2009, federal prisoner Alan Scott filed a pro se habeas petition in the

District Court pursuant to 28 U.S.C. § 2241.  Scott alleged that he had been denied

admission into FCI-Fairton's Residential Drug Abuse Program ("RDAP") despite

evidence that he had previously abused marijuana and heroin. Scott also claimed that he was eligible for a sentence reduction pursuant to 18 U.S.C. § 3621, which provides that the Bureau of Prisons ("BOP") may reduce, by as much as one year, the prison term of a nonviolent offender who successfully completes a residential substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

Shortly after Scott filed his petition, a back-and-forth ensued between the District Court and himself. On three separate occasions, the court entered a sua sponte order dismissing his petition and he subsequently submitted new filings amending his petition and/or challenging the court's order. These developments occurred without the BOP's participation in the case, for it appears that it had yet to be served.

This case ultimately culminated in a sua sponte order entered by the District Court on September 14, 2009. The court, considering Scott's then most recent round of filings, concluded that these new submissions, when compared to his earlier filings, "asserted a factually different scenario." (Dist. Ct. Order of Sept. 14, 2009, at 3.) As such, the court closed the case, and directed the clerk to open a new habeas proceeding and docket Scott's most recent round of filings in that new proceeding. The court further directed the clerk to serve all of Scott's filings on the BOP, and ordered that the BOP answer those filings docketed in the new case. That new case currently remains pending before the

2

District Court. (See Dist. Ct. Civ. No. 1:09-cv-04710.) Scott now seeks review of the District Court's September 14, 2009 order, as well as two of the earlier orders.[1]

A district court order that does not resolve all of a petitioner's claims in a given action is generally not immediately appealable unless the court certifies the order as a final judgment pursuant to Fed. R. Civ. P. 54(b). See Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005). In this case, neither the court's September 14, 2009 order, nor any of its earlier orders, resolved all of his claims, for he still has claims pending before the court. That the District Court closed Scott's original habeas proceeding and opened a new habeas proceeding to address those pending claims does not change this result. Although the court concluded in its September 14, 2009 order that Scott's then most recent set of filings, when compared to his earlier filings, "asserted a factually different scenario," we conclude that his *legal* claims did not change. Indeed, Scott's efforts to obtain habeas relief had centered around, and continued to center around, his claims that he should have been admitted to RDAP, and that he is eligible for a § 3621 sentence reduction upon his completing that program. Accordingly, because the District Court did not certify any of the challenged orders pursuant to Rule 54(b), they are not appealable at

---

[1]The District Court entered those two earlier orders on May 26, 2009, and July 17, 2009, respectively. Scott does not challenge the District Court's order entered on April 24, 2009, which dismissed his habeas petition without prejudice because much of the petition was illegible.

3

this time.[2]  Those orders may be reviewed on appeal when the District Court has issued a final judgment in Scott's pending proceeding.

In light of the above, we will dismiss this appeal for lack of appellate jurisdiction. Scott's motion to expedite the appeal is denied as moot.

---

[2]Although the collateral order doctrine allows appellate review of a "small class" of interlocutory orders, see Praxis Props., Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 54 (3d Cir. 1991), that doctrine does not apply here.