**ALD-074**                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-3896 & 10-3897
_____

ALAN N. SCOTT,
                                    Appellant

v.

FCI FAIRTON, WARDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 09-cv-00929 & 09-cv-04710)
District Judge:  Honorable Renee Marie Bumb

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2010

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed   January 14, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Alan Scott, a federal prisoner proceeding pro se, appeals from five orders issued

by the District Court in his habeas proceedings brought under 28 U.S.C. § 2241.  For the

reasons that follow, we will summarily affirm.

This procedurally convoluted case began in March 2009, when Scott filed a pro se habeas petition in the District Court pursuant to § 2241. He alleged that the Bureau of Prisons ("BOP") had wrongfully denied him admission into FCI-Fairton's Residential Drug Abuse Program ("RDAP"), and that he would be eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) upon completing that program. Scott's case was assigned docket number 1:09-cv-00929 (hereinafter referred to as "Case 929").

On May 26, 2009, the District Court entered a sua sponte order that dismissed Scott's habeas petition but also provided him with an opportunity to file an amended petition if certain facts were present in his case. Scott subsequently filed an amended petition, which attempted to clarify his claims and argued, inter alia, that regardless of whether he should have been admitted into RDAP, he was otherwise eligible for a sentence reduction under § 3621(e)(2)(B) in light of his having participated in a pre-RDAP drug abuse treatment program while incarcerated in federal prison between 1982 and 1985. On July 17, 2009, the court entered a sua sponte order dismissing his amended petition. That order, like the one that preceded it, left room for Scott to re-plead certain aspects of his claims. Scott moved for reconsideration of that order and submitted additional filings in support of his claims. In a sua sponte order entered on September 14, 2009, the District Court concluded that these latest filings "asserted a factually different scenario" than his earlier filings. (Dist. Ct. Order of Sept. 14, 2009, at 3.) As a result, the court closed Case 929, and directed the clerk to open another habeas proceeding, docket

Scott's latest round of filings in that second case, and serve all of Scott's filings on the BOP (who had yet to be served in Case 929). The court ordered the BOP to answer only those filings docketed in the second case, which was assigned docket number 1:09-cv-04710 (hereinafter referred to as "Case 4710").

While Case 4710 was pending, Scott appealed from the court's September 14, 2009 order in Case 929. On May 11, 2010, we dismissed that appeal as interlocutory. In doing so, we explained that

> neither the court's September 14, 2009 order, nor any of its earlier orders, resolved all of [Scott's] claims, for he still has claims pending before the court. That the District Court closed Scott's original habeas proceeding and opened a new habeas proceeding to address those pending claims does not change this result. Although the court concluded in its September 14, 2009 order that Scott's then most recent set of filings, when compared to his earlier filings, "asserted a factually different scenario," we conclude that his *legal* claims did not change. Indeed, Scott's efforts to obtain habeas relief had centered around, and continued to center around, his claims that he should have been admitted to RDAP, and that he is eligible for a § 3621 sentence reduction upon his completing that program. Accordingly, because the District Court did not certify any of the challenged orders pursuant to [Fed. R. Civ. P.] 54(b), they are not appealable at this time. Those orders may be reviewed on appeal when the District Court has issued a final judgment in Scott's pending proceeding.

Scott v. Fairton FCI, 379 F. App'x 155, 156-57 (3d Cir. 2010) (per curiam).

On June 17, 2010, the District Court entered an order in both Case 929 and Case 4710. That order denied what the court construed as Scott's latest motion for reconsideration in Case 929, dismissed without prejudice a "quasi-Section-2241-petition"

3

that had been docketed in Case 929 in May 2010,[1] and denied Scott's motion for partial summary judgment filed in Case 4710. The order also re-terminated Case 929 and prohibited Scott from making any further filings in that case.

On September 9, 2010, the District Court dismissed Scott's habeas petition in Case 4710, entered a final judgment, and closed the case. Later that month, Scott filed a single notice of appeal, seeking review of the court's May 26, 2009, July 17, 2009, September 14, 2009, June 17, 2010, and September 9, 2010 orders. The Clerk treated Scott's notice as raising two separate appeals — one challenging the orders entered in Case 929 and the other challenging the orders entered in Case 4710. Those two appeals were docketed at C.A. No. 10-3896 and C.A. No. 10-3897, respectively.

On October 18, 2010, Scott moved to consolidate the two appeals. The Clerk denied that request on November 2, 2010. Scott has since filed a motion to reconsider that denial. Because both appeals are timely[2] and, for the reasons explained in our May

---

[1] It appears that this "quasi-Section-2241-petition" was just a letter from Scott to the court, and that he did not intend it to be filed in his case.

[2] Under Fed. R. App. P. 4(a)(1)(B), a party has 60 days to appeal from a judgment in a case in which "the United States or its officer or agency is a party." Although Scott did not file his notice of appeal in Case 929 within 60 days of the District Court's June 17, 2010 order — the most recent order in that case that is challenged here — his appeal in C.A. No. 10-3896 is not untimely. Our May 11, 2010 decision made clear that Scott's two proceedings in the District Court were effectively one proceeding, and that he could appeal from the District Court's orders in Case 929 after the court entered a final judgment in Case 4710. Accordingly, because Scott filed his notice of appeal within 60 days of the court's final judgment in Case 4710, the appeal is timely as to both Case 929 and Case 4710.

We further note that even if Case 929 and Case 4710 were construed as separate proceedings, Scott's appeal in C.A. No. 10-3896 would still be timely. Were we to treat Case 929 as separate from Case 4710, the time for appealing the court's June 17, 2010

4

11, 2010 decision, effectively relate to the same District Court proceeding, we hereby grant Scott's motion and consolidate the two appeals. We now turn to the merits of these appeals.[3]

## II.

Although Scott challenges five separate District Court orders, this case ultimately turns on two issues: whether he would be able to complete RDAP and whether he is otherwise eligible for a sentence reduction under § 3621(e)(2)(B). To complete RDAP, an inmate must satisfy both a unit-based component and a transitional drug abuse treatment ("TDAT") component.[4] See 28 C.F.R. § 550.53(a). The unit-based component, during which the inmate "must complete a course of activities provided by drug abuse treatment specialists and the Drug Abuse Program Coordinator in a treatment unit set apart from the general prison population," must last *at least* six months. 28 C.F.R. § 550.53(a)(1). According to the BOP, this component, in practice, takes nine to 12 months to complete. (See BOP's Nov. 23, 2010 filing with this Court, at 2-3 (citing

order would not have begun to run until November 15, 2010, for that order did not comply with Fed. R. Civ. P. 58(a)'s separate document rule. See Fed. R. App. P. 4(a)(7)(A)(ii); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (stating that, to satisfy Rule 58(a), an order must, inter alia, be self-contained and separate from the court's corresponding opinion). Scott's notice of appeal, submitted well before November 15, 2010, would be construed as having been timely filed on that date. See Fed. R. App. P. 4(a)(2).

[3] We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291, and may affirm the District Court's orders on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

[4] Additionally, "[i]f time allows between completion of the unit-based component of the RDAP and transfer to a community-based program, inmates must participate in the follow-up services to the unit-based component of the RDAP." 28 C.F.R. § 550.53(a)(2).

5

U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5330.11, § 2.5.1(a)(1) (Mar. 16, 2009)).) As for the TDAT component, the BOP avers that this component is a "six (6) month program that begins within 10 days of the inmate's arrival at the [halfway house], and continues until the inmate is released." (BOP's Nov. 23, 2010 filing with this Court, at 3.) All told, therefore, it appears that RDAP takes at least 15 months to complete. After an inmate completes RDAP, the BOP has discretion to reduce what remains of his sentence by as much as one year. See 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55.

Scott's sentence is scheduled to expire on June 5, 2011, and the BOP has recently transferred him to a halfway house to serve the remainder of his sentence. As a result, even if Scott were eligible for RDAP — an issue we need not decide here — he would be unable to participate in the unit-based component of that program. Apart from that, there is insufficient time for him to complete RDAP before his sentence expires. Scott recognizes all of this, for the relief he seeks from this Court does not center around his efforts to enter that program. Instead, he asks that we remand this case and direct the District Court to grant his habeas petition as to his claim that he is entitled to a § 3621(e)(2)(B) sentence reduction based on his having allegedly completed a pre-RDAP drug abuse treatment program in 1985. We cannot grant this request for relief, however, as his underlying claim lacks merit. Even if Scott did complete a pre-RDAP program in 1985 — a point that the BOP disputed before the District Court and one that is not substantiated by the record — the completion of that program would not trigger a

6

§ 3621(e)(2)(B) sentence reduction because he did not complete that program during his *current* incarceration.  See 28 C.F.R. § 550.55(a)(2).[5]

In light of the above, and because these appeals do not present a substantial question, we will summarily affirm the District Court's orders.[6]  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.  To the extent Scott's "Motion to Continue Impoundment" requests that all documents filed under seal in the District Court remain sealed for the purpose of these appeals, that motion is granted.  Scott's motion to expedite these appeals is denied as moot.

---

[5] In support of his pre-RDAP program claim, Scott cites to former 28 C.F.R. § 550.58, which was removed on January 14, 2009.  We note that former § 550.58, like current § 550.55, provided that an inmate was eligible for a § 3621(e)(2)(B) sentence reduction only if he completed a residential drug abuse treatment program during his *current* incarceration.

[6] Although Scott contends that the District Court Judge was biased against him, we are not persuaded by this argument.  Having reviewed the record, we are confident that Judge Bumb adjudicated Scott's claims in an impartial manner.