**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID B. BARTHOLOMEW, | No. 09-55743 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-01391-CJC-AN |
| v. | |
| PASADENA TOURNAMENT OF ROSES ASSOCIATION, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted September 27, 2011[**]

Before:  SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

David B. Bartholomew appeals pro se from the district court's judgment

dismissing his action for copyright and trademark infringement. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo an order of dismissal.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Bartholomew's action as barred by the doctrine of res judicata. *See id.* (res judicata prohibits lawsuits alleging claims that were, or could have been, raised in a prior lawsuit where there is "(1) an identity of claims, (2) a final judgment on the merits; and (3) identity or privity between parties").

The district court did not abuse its discretion by denying Bartholomew's motion to reconsider its orders of dismissal because Bartholomew failed to establish any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for abuse of discretion and setting forth grounds for reconsideration).

The district court did not abuse its discretion by imposing monetary sanctions against Bartholomew under Rule 11 of the Federal Rules of Civil Procedure. *See Buster v. Greisen*, 104 F.3d 1186, 1189-90 (9th Cir. 1997) (reviewing for abuse of discretion and affirming sanctions where later action was frivolous in seeking to relitigate issues resolved in earlier action).

The district court properly denied Bartholomew's multiple recusal motions because no "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist.*

2

*Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (citation and internal quotation marks omitted).

We construe the district court's order barring Bartholomew from submitting further filings "related to this matter" as limited to further filings in district court in this action. So construed, the district court acted within its discretion. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1065 n.8 (9th Cir. 2007) (recognizing district courts' broad discretion in fashioning sanctions "when vexatious litigation is encountered").

Bartholomew's remaining contentions are unpersuasive.

We grant appellees' amended request for judicial notice and motion to strike Bartholomew's first amended informal brief. All other pending motions are denied.

**AFFIRMED.**