NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0078n.06

No. 19-1693

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA ex rel.
JOSEPH ODISH; CRANBROOK CAPITAL
CONSULTING GROUP, LLC,

       Plaintiffs-Appellants,

MICHIGAN ATTORNEY GENERAL'S
OFFICE,

       Plaintiff,

v.

NORTHROP GRUMMAN CORPORATION,
et al.,

       Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Feb 08, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

BEFORE: BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

PER CURIAM. Joseph Odish and Cranbrook Capital Consulting Group, LLC, appeal the district court's order imposing sanctions. As set forth below, we **AFFIRM** the district court's order and **DENY** Odish's pending motions.

Odish, an attorney licensed in Michigan, initiated this qui tam action by filing a 116-page complaint on behalf of himself and as counsel for his wholly owned company, Cranbrook Capital. He sued nearly thirty defendants, including defense contractor Northrop Grumman, various technology companies, and numerous individuals, claiming violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* This action is one of several lawsuits Odish has filed

arising out of his business relationship with a technology startup, Cognitive Code Corporation. *See Odish v. Apple, Inc.*, No. 15-cv-11955, 2015 WL 6507427, at *1 nn.1–2 (E.D. Mich. Oct. 28, 2015) (listing lawsuits). After review, the district court determined that Odish's complaint failed to state a claim and ordered him to file an amended complaint not exceeding ten pages. Odish did not, and the district court dismissed the action without prejudice.

Odish did not appeal the district court's dismissal. He instead submitted more than one hundred filings, including an exhibit containing sexually explicit images. The district court struck that filing and then ordered Odish to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11 for his excessive and repetitive filings. Odish took this opportunity to file a forty-five-page response and over a dozen exhibits to further advance his conspiracy theories. So the district court found that he was a vexatious litigant and that sanctions were appropriate. The court noted that "Odish was not deterred" after another judge on the same court "enjoined Odish from filing any further actions in this district or filing any document in a matter already pending in this district without first seeking leave to do so." And so the court prohibited Odish from filing any future documents in the case and directed the clerk to refuse any filings in the case.

Odish now appeals his sanction. We review the district court's decision to impose sanctions under Rule 11 for an abuse of discretion. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). By presenting a filing to the court, an attorney or unrepresented party certifies that the filing "is not being presented for any improper purpose." Fed. R. Civ. P. 11(b)(1). Such improprieties include harassment and unnecessary delay. *Id.* The filer also certifies that his claims are warranted by existing law and have evidentiary support. Fed. R. Civ. P. 11(b)(2), (3). And if an attorney or a party violates Rule 11, the district court "may impose an appropriate sanction," monetary or not. Fed. R. Civ. P. 11(c)(1), (4). Still, the sanction "must be

limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The district court sanctioned Odish by prohibiting him from filing any future documents in the case. "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). After the district court dismissed the case, Odish made over one hundred filings, most labelled as exhibits or declarations. According to the court, Odish's filings contained thousands of pages and took up a considerable amount of electronic storage capacity. One even contained sexually explicit images. And the court also noted that Odish placed further burdens on the court's time by regularly sending emails and making calls to the court. Under these circumstances, the district court did not abuse its discretion in finding that Odish was a vexatious litigant and that sanctions were appropriate to deter further frivolous and repetitive filings.

But did the district court go too far in prohibiting Odish from making *any* further filings in this case? We don't think so. Sanctions "must be limited to what suffices to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4). And an injunction in another case prohibiting Odish from making filings without leave of court had already proven ineffective. *Cf. Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (noting that an order requiring leave of court before future filings is "the proper method for handling the complaints of prolific litigators").

Certainly the district court's order is strict. But it's warranted here. We have said that "[w]e do not believe a person can be absolutely foreclosed from *initiating an action* in a court of the United States." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (emphasis added). But that is not what the district court did here. And the district court's sanction is not without precedent. For instance, in *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998), the Seventh Circuit affirmed a district court after it "permanently enjoined Fries from filing another lawsuit

in federal district court based on" a claim he had vexatiously litigated. Likewise, in *Punchard v. U.S. Gov't*, 290 F. App'x 160, 161–62 (10th Cir. 2008), the Tenth Circuit affirmed a district court sanction "enjoin[ing] Mr. Punchard from filing any further pleadings under this case caption, or from filing any new case that arises from the same facts and claims alleged in his complaint." And the Ninth Circuit also affirmed a similar sanction, one prohibiting a litigant "from submitting further filings 'related to this matter.'" *Bartholomew v. Pasadena Tournament of Roses Ass'n, Inc.*, 453 F. App'x 745, 746 (9th Cir. 2011). Finally, in *Scott v. FCI Fairton*, 407 F. App'x 612, 614, 616 (3d Cir. 2011), the Third Circuit summarily affirmed a district court sanction that "prohibited Scott from making any further filings in that case." So because previous efforts requiring Odish to get precertification before filing were fruitless, and because the district court's order has support from other circuits, we affirm the sanction.

Odish also asks us to transfer his case from Judge Goldsmith to Chief Judge Hood. But reassignment to a different district judge "is an extraordinary power and should be rarely invoked." *United States ex rel. Williams v. Renal Care Grp., Inc.*, 696 F.3d 518, 533 (6th Cir. 2012) (quoting *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006)). In determining whether reassignment is necessary, we consider three factors. We first ask "whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings." Next, we ask "whether reassignment is advisable to preserve the appearance of justice." And finally we ask "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* at 532–33 (quoting *Solomon*, 467 F.3d at 935).

None of these factors applies here. As grounds for reassignment, Odish claims Judge Goldsmith did not rule on any of his motions, in particular his motion to enforce his rights as a crime victim under the Crime Victims' Rights Act, 18 U.S.C. § 3771, and the Mandatory

Victims Restitution Act, 18 U.S.C. § 3663A. But the district court's dismissal of Odish's action disposed of all pending motions, including his motion to enforce his alleged rights as a crime victim. And as for Odish's motions filed after the dismissal order, the district court issued rulings on those motions.

Odish also argues that the district court's dismissal order was not based on the operative complaint—his verified first amended complaint—and instead was based on the irrelevant original complaint. But Odish could have appealed the district court's dismissal order on this basis. He did not. In any event, the 169-page amended complaint suffered from the same pleading deficiencies as the original complaint. So because Odish has failed to establish circumstances warranting reassignment, we deny his motion to transfer his case to another district judge.

Odish also moves to supplement the record with additional evidence purportedly supporting his allegations of a criminal conspiracy against him. Federal Rule of Appellate Procedure 10(e) allows the court of appeals to supplement the record on appeal if "anything material . . . is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2), (2)(C). But "as is clear from the rule's wording, '[t]he purpose of the rule is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (quoting *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)). And Odish has not presented special circumstances to warrant the exercise of any inherent power that we might have to supplement the record. *See id.* at 1012–13. Odish seeks to supplement the record with evidence irrelevant to the issue on appeal—the district court's decision to impose sanctions—and continues his practice of

unnecessary and excessive filings. Accordingly, we deny Odish's motion to supplement the record.

For these reasons, we **AFFIRM** the district court's order imposing sanctions and **DENY** Odish's pending motions.